# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CRIMINAL ACTION NO. 5:84-CR-00021-TBR

UNITED STATES OF AMERICA,                                              Plaintiff,

v.

WILLIAM DALE WOOLUM,                                                  Defendant.

## MEMORANDUM OPINION AND ORDER

In 1984, a federal grand jury charged William Dale Woolum with two counts of transmitting altered postal money orders.  [R. 1 (Indictment).]  A jury convicted Woolum on both counts.  [R. 13 (Verdict).]  The Court sentenced Woolum to a ten-year term of imprisonment to run consecutively with his then-outstanding state-court-imposed sentence.  [R. 15 (Judgment).]  Woolum timely appealed, and the Sixth Circuit Court of Appeals affirmed.  *See United States v. Woolum*, 782 F.2d 1044, 1985 WL 14105, at *1–2 (6th Cir. 1985) (unpublished table decision).

Now, Woolum seeks to amend *nunc pro tunc* that some two-decade old judgment in order for his federal sentence to run concurrent with, as opposed to consecutive to, the state-court sentence.  [R. 30 at 1 (Motion to Amend).]  He does not challenge "the length of the federal sentence imposed," only the designation that be served concurrently.  [R. 40 at 2 (Reply).]  The Government opposes Woolum's motion, arguing that the Court has no jurisdiction to revisit that sentence.  [R. 37 at 1–4 (Response).]  On that point, the Government is right.

A district court "does not have inherent power to resentence defendants at any time."  *United States v. Martin*, 913 F.2d 1172, 1174 (6th Cir. 1990) (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)).  "As 'courts of limited

1

jurisdiction,' federal courts 'possess only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Woolum, as the party claiming that this Court does possess jurisdiction, "bears the burden of demonstrating that jurisdictional prerequisites have been met." *United States v. Streck*, 62 F. App'x 575, 577 (6th Cir. 2003) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990)).

In his motion, however, Woolum has not identified any basis for the Court to exercise jurisdiction, and the Court is aware of none. Although the Court had authority over Woolum's criminal case some twenty years ago, *see* 18 U.S.C. § 3231, that case ended when the judgment became final, *see Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), thereby divesting this Court "of all jurisdiction" over it, *Martin*, 913 F.2d 1174. Since Woolum's sentence has been final for decades, the Court may not modify it unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

Of the two statutory avenues for relief, *see United States v. Zabawa*, 134 F. App'x 60, 67–68 (6th Cir. 2005), neither appears to be available. The first, pertaining to intervening reversals on appeal, is of no significance here. *See* 28 U.S.C. § 2106. With respect to the second, the Court will not construe Woolum's motion, having been filed by able counsel, as a 28 U.S.C. § 2255 petition. *See United States v. Esters*, 7 F.3d 235, 1993 WL 384936, at *2 (6th Cir. 1993) (unpublished table decision) (affirming district court's decision to refuse to construe motion for modification of sentence as § 2255

2

motion); *United States v. Tolbert*, No. 3:09-CR-56, 2015 WL 3633549, at *1–2 (E.D. Tenn. June 10, 2015) (same).

Federal Rule of Criminal Procedure 35 is inapplicable as well, as it only permits correction for "arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), or reduction upon a substantial assistance motion, Fed. R. Crim. P. 35(b)(1)–(2). The same holds true for Federal Rule of Criminal Procedure 36 too. Rule 36 is available to correct clerical errors—not to cure "unexpressed sentencing expectations." *United States v. Robinson*, 368 F.3d 653, 656–57 (6th Cir. 2004) (quoting *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. 2000) (unpublished table decision)).

In short, the Court sees no path to find jurisdiction over Woolum's motion. The Court applauds the strides Woolum has made toward rehabilitation, as outlined in his papers. [*See* R. 30-6 at 1 (Letter from Warden Parker); R. 33-1 at 1 (Letter from Warden Seabold).] Be that as it may, the Court has no authority to grant Woolum the relief he seeks.

**IT IS HEREBY ORDERED** that William Dale Woolum's Motion to Amend, [R. 30], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, [R. 37], is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:

cc:      Counsel of Record

3