UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:84-CR-21-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

WILLIAM DALE WOOLUM,                                                         DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant William Woolum's Motion for

Resentencing, [R. 42], and Motion for Vacatur and Request for Hearing Thereon, [R. 47].[1] The

United States (the "Government") responded to Woolum's first motion with a Motion to Dismiss

Motion for Resentencing, [R. 44], and to Woolum's second motion with a Motion to Dismiss

Defendant's Motion for Vacatur, [R. 49]. This matter is now ripe for adjudication. For the

reasons stated herein, Woolum's Motion for Resentencing, [R. 42], is **DENIED** and Woolum's

Motion for Vacatur and Request for Hearing Thereon, [R. 47], is **DENIED**. The Government's

Motion to Dismiss Motion for Resentencing, [R. 44], is **GRANTED**, and the Government's

Motion to Dismiss Defendant's Motion for Vacatur, [R. 49], is **GRANTED**.

In 1984, a federal grand jury charged William Dale Woolum with two counts of

transmitting altered postal money orders. [R. 41 at 1.] A jury convicted Woolum

on both counts. [*Id*.] The Court sentenced Woolum to a ten-year term of imprisonment to run

consecutively with his then-outstanding state-court-imposed sentence. [*Id*.] Woolum timely

appealed, and the Sixth Circuit Court of Appeals affirmed. *See United States v. Woolum*, 782

F.2d 1044, 1985 WL 14105, at *1–2 (6th Cir. 1985) (unpublished table decision). Now before

---

[1] The Court notes that Woolum's Motion for Resentencing, [R. 42], was filed pro se, but Woolum's Motion for
Vacatur and Request for Hearing Thereon, [R. 47], was filed by counsel.

the Court is a Motion for Resentencing, [R. 42], and a Motion for Vacatur and Request for Hearing Thereon, [R. 47].

### A. Motion for Resentencing

As the Court explained in its previous Memorandum Opinion and Order, [R. 41], a district court "does not have inherent power to resentence defendants at any time." *United States v. Martin*, 913 F.2d 1172, 1174 (6th Cir. 1990) (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)). "As 'courts of limited jurisdiction,' federal courts 'possess only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Woolum, as the party claiming that this Court does possess jurisdiction, "bears the burden of demonstrating that jurisdictional prerequisites have been met." *United States v. Streck*, 62 F. App'x 575, 577 (6th Cir. 2003) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990)).

In his Motion for Resentencing, Woolum has not identified any basis for the Court to exercise jurisdiction, and the Court is aware of none. Although the Court had authority over Woolum's criminal case some twenty years ago, *see* 18 U.S.C. § 3231, that case ended when the judgment became final, *see Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), thereby divesting this Court "of all jurisdiction" over it, *Martin*, 913 F.2d at 1174. Instead of identifying any basis for jurisdiction, Woolum asks the Court to consider the findings of the Eastern District of New York in *United States v. Holloway*, in which the court requested the United States Attorney to consider vacating two or more of the criminal defendant's 18 U.S.C. § 924(c) convictions. *Holloway*, 68 F. Supp. 3d 310, 314 (E.D.N.Y. 2014). Beyond the Court's lack of jurisdiction and the fact that *Holloway* is not controlling precedent on this Court, the

Government does not appear to be willing to agree to an order vacating Woolum's conviction—unlike the United States Attorney in *Holloway*. In fact, the Government moved to dismiss Woolum's motion. [*See* R. 44.] Therefore, Woolum's Motion for Resentencing, [R. 42], is DENIED, and the Government's Motion to Dismiss Motion for Resentencing, [R. 44], is GRANTED.

### B. Motion for Vacatur and Request for Hearing Thereon

In Woolum's Motion for Vacatur, he argues that Federal Rule of Civil Procedure 60(b)(6) grants the Court jurisdiction to relieve him from the final judgment. [R. 47 at 3.] Furthermore, Woolum argues that his sentence should be reduced because his original sentencing was considered and imposed before the effective date of the Federal Sentencing Guidelines. [*Id*.]

Regarding Woolum's first argument, the Sixth Circuit has stated: "'Rule 60(b) is not applicable to criminal proceedings,' and may not be used to disturb a criminal sentence or conviction." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011); *see also United States v. Blaney*, No. 17-1251, 2017 WL 4409307, at *1 (6th Cir. Sept. 26, 2017). Thus, the Court finds that Federal Rule of Civil Procedure 60(b)(6) is not applicable to the criminal case at hand. Regarding Woolum's second argument, the Court finds that although he would receive a lesser sentence under the current Guidelines Manual, neither 18 U.S.C. § 3582 nor any other provision of the Sentencing Reform Act of 1984 apply to Woolum because his offense was committed prior to November 1, 1987, the effective date of the Act. *United States v. Hackney*, 875 F.2d 868 (6th Cir. 1989) ("Neither section 3582(c)(2) nor any other provision of the Sentencing Reform Act apply to Hackney because his offense was committed prior to November 1, 1987, the effective date of the Act"). Therefore, Woolum's Motion for Vacatur and Request

for Hearing Thereon, [R. 47], is DENIED and the Government's Motion to Dismiss Defendant's Motion for Vacatur, [R. 49], is GRANTED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Woolum's Motion for Resentencing, [R. 42], is **DENIED**;

2. Woolum's Motion for Vacatur and Request for Hearing Thereon, [R. 47], is **DENIED**;

3. The Government's Motion to Dismiss Motion for Resentencing, [R. 44], is **GRANTED**; and

4. The Government's Motion to Dismiss Defendant's Motion for Vacatur, [R. 49], is **GRANTED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 28, 2018

cc: Counsel of Record

William Dale Woolum, pro se
01843-033
PEKIN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555