UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:84-CR-21-TBR

UNITED STATES OF AMERICA,                                                                         PLAINTIFF

v.

WILLIAM WOOLUM,                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant William Woolum's Motion for Compassionate Release. [DN 54]. The Government responded, [DN 66], and Defendant replied, [DN 67]. Additionally, Defendant filed a Motion to Appoint Counsel, [DN 63], and a Motion to Supplement, [DN 64]. These matters are ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 54], is DENIED; and the Motion to Appoint Counsel, [DN 63], and the Motion to Supplement, [DN 64], are DENIED AS MOOT.

**BACKGROUND**

On December 17, 1977, Defendant was incarcerated for violations of Kentucky state law. [DN 54 at 153]. While serving his state sentence, a federal grand jury charged Defendant with two counts of transmitting altered postal money orders. [DN 1]. In 1984, a jury convicted Defendant on both counts. [DN 13]. Subsequently, Defendant was sentenced to a ten-year term of imprisonment to run consecutively with his then outstanding state-court sentence. [DN 15]. In 2016, Defendant was paroled on his state court conviction after serving thirty-eight years and eleven months. [DN 54 at 153]. After his release, Defendant was taken into custody by the U.S. Marshals in order to serve his federal sentence. *Id.* Defendant has served approximately three years of his ten-year sentence. *Id.* In the instant motion, Defendant seeks compassionate release pursuant to the First Step Act. *Id.* at 152.

1

## LEGAL STANDARD AND DISCUSSION

"Generally speaking, once a court has imposed a sentence, it does not have authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (citing *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001))). Originally, such authority was granted pursuant to 18 U.S.C. § 4205(g), "through which the Bureau of Prisons ("BOP") can initiate compassionate release proceedings 'in particularly meritorious or unusual circumstances which could not reasonably have been foreseen' at the time of sentencing." *Wade v. Warden Fairton FCI*, 773 F. App'x 106, 107 n.3 (3d Cir. 2019) (quoting 28 C.F.R. § 571.61(a)). In 1984, Congress enacted a second sentence-reduction provision in 18 U.S.C. § 3582(c) as part of the Sentencing Reform Act. *United States v. Wilkins*, 426 F. App'x 443, 445 (6th Cir. 2011). "[S]ection 3582(c)(1)(A), empowered the BOP Director to 'petition the court for a reduction in ... sentence' and gave courts the authority to grant those petitions if they found 'that the reduction was justified by 'extraordinary and compelling reasons.'" *United States v. Hammond*, No. CR 02-294 (BAH), 2020 WL 1891980, at *3 (D.D.C. Apr. 16, 2020) (quoting S. Rep. 98-223 at 118S. Rep. 98-223 at 118; *see also* Pub. L. No. 98-473, Title II, § 212(a)(2)). Although the Sentencing Reform Act repealed § 4205(g), it is well established that the Act applies "only to offenses committed after the Act's effective date of November 1, 1987." *Wilkins*, 426 F. App'x at 445–46 (citing Sentencing Act of 1987, Pub.L. No. 100–182, sec. 2, 101 Stat. 1266; Sentencing Reform Act of 1984 § 235(a)(1), 98 Stat. at 2031–32, as amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, sec. 4, 99 Stat. 1728; *Gozlon–Peretz v. United States,* 498 U.S. 395, 398, 400 n. 4, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991); *Prince v. United States,* 46 F.3d 17, 18–19 (6th Cir. 1995); *United States v. Stewart,* 865 F.2d 115, 118–19 (7th Cir. 1988); *United States v.*

*Burgess*, 858 F.2d 1512, 1513–14 (11th Cir. 1988)). In 2018, Congress passed the First Step Act which amended § 3582(c) to allow a defendant to file a motion for compassionate release directly with the court after exhausting "'administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion' on his behalf or he waits at least '30 days' after he delivers his request for compassionate release to 'the warden of [his] facility.'" *Hammond*, 2020 WL 1891980, at *3 (quoting 18 U.S.C. § 3582(c)(1)(A)).

In this case, Defendant filed a motion for compassionate release pursuant to § 3582(c) claiming that extraordinary and compelling reasons justify a sentence reduction. [DN 54]. However, because Defendant is serving a term of imprisonment that was imposed before November 1, 1987, the provisions of § 3582(c) do not apply to him. *See United States v. Scarbrough*, No. 1:73-CR-32-HAB, 2019 WL 2482710, at *2 (N.D. Ind. June 14, 2019). Section 4205(g) "remains the controlling law for inmates whose offense occurred prior to [November 1, 1987]." 28 CFR § 572.40; BOP Policy Statement § 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Thus, Defendant "cannot petition the Court directly for compassionate release or a reduction in his sentence." *Scarbrough*, 2019 WL 2482710, at *2. Rather, "[r]elief under § 4205(g) requires a motion by the BOP." *Id.* (citing 28 C.F.R. §§ 571.60, 571.62; *see also United States v. Booker*, 543 U.S. 220, 300 (2005) (noting that under § 4205(g) "[s]entencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the Bureau of Prisons")). Although Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf, the BOP itself has not filed a motion to reduce Defendant's sentence. [DN 66 at 302]. Therefore,

this Court lacks jurisdiction to reduce Defendant's sentence pursuant to § 4205(g) and his motion for compassionate release must be denied.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Compassionate Release, [DN 54], is **DENIED**; the Motion to Appoint Counsel, [DN 63], and the Motion to Supplement, [DN 64], are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

April 23, 2020

CC: Attorneys of Record

**William Dale Woolum**
ALLENWOOD MEDIUM
01843-033
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887
PRO SE